THOMAS, The N. W     See Case No. 10,386.

## Case No. 13,927.

### The THOMAS P. THORN.

[8 Ben. 3.] [1]

District Court, E. D. New York. Jan., 1875.

SHIPPING—PAROL AGREEMENT—BILL OF LADING—DAMAGE TO CARGO ON DECK.

1. A canal boat was loaded full of malt for a voyage from Lyons, on the Erie canal, to New York. She also brought 104 boxes of tobacco on deck. The tobacco was injured on the voyage by rain, and the consignees filed a libel against the canal boat to recover the damage. It appeared that for the malt a so-called bill of lading was given. It had a printed heading, stating a shipment in good order of the articles mentioned below, to be carried under deck and delivered at the place of destination stated, in like good order as addressed; and below this was an entry of the malt with address, under which was written. "Shipped by James Elmer, as above, to Emanuel Hoffman, 104 boxes of tobacco. Captain to collect, on safe delivery, 22 cents per 100 lbs., to be carried on deck under canvas." This document was signed by the shipper of the malt. the shipper of the tobacco and the captain of the boat. Evidence was given tending to show that the words "to be carried on deck under canvas," had been written in after the paper was signed by the shipper of the tobacco, and without his knowledge. It appeared that the agreement for the carriage of the tobacco was for a carriage on deck, and that the shipper saw it aboard on deck, and made himself acquainted with the method adopted to protect it from the weather, and did not suggest that this was contrary to his agreement: Held, that the contract, as to the mode of carriage of the tobacco, was in the parol agreement under which the tobacco was received on board.

2. On the evidence, it appeared that the damage resulted merely from the carriage of the goods on deck; that all reasonable care was taken of it during the voyage: and that the manner of its stowage and protection was known to and assented to by the shipper.

3. The inference was that the damage arose without fault of the carrier, and the boat was not liable.

In admiralty.

S. Kaufman, for libellant.

A. C. Davis, for claimant.

BENEDICT, District Judge. This action is brought by Emanuel Hoffman to recover

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission]

for damages done to certain tobacco consigned to him while being transported in the canal boat Thomas P. Thorn. upon the Erie canal and the Hudson river, from Lyons to New York. The tobacco, when shipped, was in good order. It was carried on deck, covered with tarpaulins. and upon arrival in New York was found damaged by water, for the most part upon the top. The libellant seeks to recover for this damage, on the ground that a bill of lading was given, which provided for a carriage under deck, and a safe delivery at the place of destination, without exception of perils of navigation. What is termed the bill of lading is an instrument somewhat peculiar. It has a printed heading which states a shipment, by one Myrick, of the articles mentioned below, and declares that such articles are to be carried under deck, and delivered at the place of destination in like good order, as addressed. Below this printed heading is an entry of 10,500 bushels of malt addressed to ·N. R. Myrick, the owner of the vessel, at New York.

This malt constituted the main cargo of the vessel and filled her hold. Under and separate from the entry of the malt upon this document is written: "Shipped by James Elmer, as above, to Emanuel Hoffman, 104 boxes of tobacco. Capt. collect on safe delivery 22 c. per 100 lbs., to be carried on deck under canvas." At the bottom of the page are affixed the signatures of the shipper of the malt, the shipper of the tobacco, and the captain of the boat. Testimony is presented to show that the words "to be carried on deck under canvas," were inserted after the document had been signed by the shipper of the tobacco, and without his knowledge. But I do not deem it necessary to determine the question of fact whether they were so inserted, for the reason that, if these words be omitted. still the instrument cannot be held to be a contract binding the vessel to carry the tobacco under deck. The words "shipped as above," do not necessarily include the covenant to carry under deck, which was made in respect to the malt. and may be considered as simply referring to the statement of a shipment on the boat. So considered, the instrument is in harmony with what has been shown by ·clear evidence to have been the understanding of the parties to the transaction. It is proved beyond dispute, that there was no thought of having the tobacco carried under deck; that the agreement upon which it was shipped was for a carriage on deck; that the shipper saw it stowed on deck, made himself acquainted with the method adopted to protect it from the weather, and at no time suggested that such a carriage was contrary to the agreement. After the lading was completed, the bill of lading, so called, was executed; and, read in the light of the actual understanding of the parties, it must be held to be. as far as the tobacco is concerned. no more than a simple acknowledgment of the receipt of 104 boxes of tobacco addressed to Emanuel Hoffman. The contract upon which the liability of the boat is to depend, so far as relates to the mode of carriage, is to be found in the parol agreement, under which, as is most clearly proved, the tobacco was received on board. The question remaining, then, is whether, upon a contract to carry on deck, this vessel is liable for the wetting of this tobacco. It is manifest that the injury to the tobacco arose simply from the fact that it was carried on deck. The malt. carried below, although an article easily injured, received no damage, and the voyage was performed with usual care, and without disaster. Indeed, there is evidence of a statement by the libellant, that tobacco must of necessity be injured by being carried on deck. But, under a contract to carry upon deck, the risk of any damage resulting from the place of carriage rests upon the shipper (The Paragon [Case No. 10,708]), and, without proof of negligence causing the·damage, there can be no recovery. Here the evidence shows that all reasonable care was taken of the tobacco during its transportation; that the manner of stowing and covering it was known to and assented to by the shipper; and the inference is warranted that the injury arose. without fault of the carrier, from rain, to which merchandise transported on deck must necessarily be in some degree exposed. Any loss arising from damage thus occasioned is to be borne by the shipper. I must. therefore, dismiss the libel, with costs to be taxed.